(17 Misc. Rep. 126.)

## ZENDER v. SELIGER–TOOTHILL CO.

(Supreme Court, Appellate Term, First Department.  May 25, 1896.)

**1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT.**

Plaintiff, having negotiated with defendant for employment at $2,000 per year, offered to work for $1,500 a year. Defendant wrote him, February 21st: "We have concluded to give you a trial for a month or so for a compensation at $80 per month. * * * If you show yourself to be the man we want, we will gladly make yearly arrangements to mutual satisfaction, and put you in a position to earn more money than you have asked. * * * The experience we have had together does not warrant us to do any better for the present, until you prove yourself to us a competent man." On February 26th defendant wrote: "We do hereby place you in charge of our New York office from March 1st, as per our previous letters. We hope that you will be successful, and that we will be together for many years." *Held*, that the agreement between the parties was contained in the letter of February 21st, and was a hiring from month to month. 38 N. Y. Supp. 116, reversed.

**2. SAME—DAMAGES FOR WRONGFUL DISCHARGE.**

In an action for wrongful discharge, plaintiff is entitled to recover wages up to the time of the trial of the action only, and not to the time the contract of employment would have expired.

Appeal from city court of New York, general term.

Action by Justus E. Zender against the Seliger-Toothill Company to recover damages for wrongful discharge of plaintiff's assignor from defendant's employ. A judgment entered on a verdict in favor of plaintiff for $300 was affirmed by the city court (38 N. Y. Supp. 116), and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. R. O'Gorman, for appellant.

A. Walker Otis, for respondent.

DALY, P. J. The defendant, a manufacturing corporation, doing business in Oswego, wanted a salesman in New York City. The president of the company, Mr. Seliger, and the plaintiff's assignor, Mr. Peoble, had a conversation in February, 1895, in which Peoble offered to represent the defendant for $2,000 a year, and afterwards lowered his price to $1,500. No agreement was made, but a subsequent meeting was arranged for in Newark to meet the defendant's treasurer, Mr. Toothill. This meeting was had, and the matter was talked over, and the parties separated with the understanding that Mr. Seliger would write Mr. Peoble the following Tuesday or Wednesday. According to Peoble's testimony, no agreement was made at that time. On the following Thursday, having received no word, Mr. Peoble telegraphed to the parties in Oswego:

"It is very necessary for me to hear from you to-day. Answer."

In reply he received the following letter from the defendant, dated February 21, 1895:

"Dear Sir: Your telegram received. Mr. Toothill and I have considered your application, and have come to the conclusion to give you a trial for a month or so for a compensation at $80 per month. The idea is not to cut you down from your original figures. If you will show yourself to be the man. we want, we will gladly make yearly arrangements to mutual satis-

faction, and put you in a position to earn more money than you have asked. Our Mr. Seliger has told you just exactly what we expect you to do. The experience we had together does not warrant us to do any better for the present, until you prove yourself to us a competent man. If you should accept our proposition, let us know by return of mail, as we want you to start with us on the first of the month. Please look into our sample room and let us know how the carpenter is getting along. We remain,

"Yours, very respectfully,                          Seliger-Toothill Co.

"Dictated by A. E. S."

Peoble then entered into the service of defendant, and remained over a month, when he was discharged. After the first letter, the defendant wrote him, on February 26th, a second letter, giving instructions concerning the business and stating:

"We do hereby place you in charge of our New York office from March 1st, as per our previous letters. We hope that you will be successful, and that we will be together for many years to come."

The court below took the view that there was a conditional contract to employ Peoble for a year at a salary of not less than $1,500, his lowest offer; the only condition being that he should show himself to be a competent man. The letter of February 21st contains the only agreement of the parties, which was "for a month or so, for a compensation of $80 a month." This was a hiring from month to month, and nothing more, as is clearly shown by the words:

"If you will show yourself to be the man we want, we will gladly make yearly arrangements to mutual satisfaction, and put you in a position to earn more money than you have asked."

The most that can be said of the latter portion of the letter is that it evidences an intention on the part of the defendant, if plaintiff proved himself to be the man wanted, to make, in the future, a yearly arrangement, if one could be arrived at, which would be mutually satisfactory. Such a contingent, conditional, and indefinite promise cannot furnish a foundation for this action. If the plaintiff was retained beyond the first month, and discharged, without cause, before the end of the second month, he would be entitled, under proper allegations, to recover the agreed compensation of $80, less, of course, his actual or obtainable earnings for the balance of that month; but under no view of the evidence was he entitled to recover for a breach of contract of employment at $1,500 per annum. The agreement between the parties is contained in the letter of February 21st, and the court was requested to so charge, which was refused, and defendant excepted. The court was also asked to charge that the proper measure of damages is the wages up to the trial of the action, and not up to the time when the contract of employment would have expired, if it existed. This was also refused, and was error. Bassett v. French, 10 Misc. Rep. 672, 31 N. Y. Supp. 667.

The judgment must be reversed, and a new trial ordered, with costs to the appellant of the appeals in this court and the city court, and the costs of the former trial, to abide the event. All concur.